IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF WYOMING

| | |
|---|---|
| MITCHELL MINERALS, LLC, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CONTINENTAL RESOURCES INC.,<br><br>Defendant. | Case No. _____ |

**ORIGINAL CLASS ACTION COMPLAINT**

Plaintiff Mitchell Minerals, LLC ("Plaintiff"), for itself and all others similarly situated, files this Complaint against Continental Resources Inc. ("Continental" or "Defendant"). Plaintiff alleges and asserts the following against Defendant:

**SUMMARY**

1. This class action concerns Continental's ongoing violation of Wyoming law related to the interest owed on untimely payments of oil-and-gas proceeds and Continental's failure to comply with the check stub reporting requirements under Wyoming law.

2. Wyoming statute requires operators like Continental to pay proceeds derived from oil-and-gas production not later than six months after the first day of the month following the date of first sale and thereafter not later than sixty days after the end of the calendar month within which the oil-and-gas production is sold. *See* WYO. STAT. § 30-5-301.

3. "In instances where payment cannot be made for any reason" within these timelines, operators like Continental must "deposit all proceeds credited to the eventual interest owner to an escrow account in a federally insured bank or savings and loan institution

in Wyoming . . . ." *Id.* § 30-5-302. When operators like Continental fail to timely place proceeds in escrow, that failure makes "them liable for interest pursuant to the statute," regardless of the reason why the proceeds were escrowed. *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

4. When an operator fails to timely pay or escrow within those statutory timelines, Wyoming law requires that the operator pay owners interest at the rate of eighteen percent (18%) per annum.

5. Continental does not automatically pay the interest it owes on untimely payments of proceeds.

6. Wyoming statute also requires Continental to provide a form of "check stub" that provides "on a regular monthly basis" certain information, including, *inter alia*, "[t]he owner's share of the total value of sales prior to any deductions," "the owner's share of the sales value less deductions," "[a]n itemized list of any [] deductions or adjustments" to the sales value and the "net value of total sales after deductions." WYO. STAT. § 30-5-305(b).

7. In the event Continental fails to provide the statutorily required information on the check stub, Continental is "liable to the affected royalty, overriding royalty or other nonworking interest owner in the amount of one hundred ($100.00) per month that complete reporting is not provided to the interest owner." WYO. STAT. § 30-5-303(c).

8. Continental has failed to provide all of the information required by Wyoming law.

9. Plaintiff brings this class action to recover damages for itself and all similarly situated owners who received untimely payments from Continental, or whose proceeds were

sent to escrow by Continental, and whose payments or escrowed proceeds did not include the 18% interest required by Wyoming law.

10. Plaintiff also brings this class action to recover the $100.00 liability imposed by Wyoming law for failing to provide the information required on Continental's monthly check stubs.

## PARTIES

11. Plaintiff Mitchell Minerals, LLC, is an Oklahoma limited liability company with its principal place of business in Broken Arrow, Oklahoma.

12. Continental Resources Inc. is an Oklahoma corporation with its principal place of business located in Oklahoma City, Oklahoma.

13. Continental owns and operates over 500 oil and gas wells in the State of Wyoming.

14. Continental may be served with process by serving its registered agent: C T Corporation System, 2232 Dell Range Blvd., Suite 200, Cheyenne, Wyoming 82009.

## JURISDICTION & VENUE

15. The preceding allegations are fully incorporated by reference.

16. This Court has subject matter jurisdiction under 28 U.S.C. 1332(d) because this is a class action in which the amount in controversy exceeds $5,000,000 and because members of the class and Continental are citizens of different states.

17. This Court has personal jurisdiction over Continental because it has minimum contacts with this district related to the claims in this case.

18. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the class claims occurred in this district.

## STATUTORY BACKGROUND
## THE WYOMING ROYALTY PAYMENT ACT

19. The preceding allegations are fully incorporated by reference.

20. Wyoming has a significant oil-and-gas industry and is consistently a top-ten producing state.

21. Like other top-producing states, Wyoming has enacted legislation concerning when oil-and-gas proceeds must be paid and outlining the consequences when those statutory timeframes aren't satisfied.

22. These legislative schemes were enacted in reaction to the abusive practices of oil-and-gas operators like Continental who "routinely suspended royalties and delayed payment for many months and even years to take advantage of the interest earned during the float between the receipt of sales proceeds and disbursement of royalties." Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 18 (2006).

23. Wyoming addressed this issue through the Wyoming Royalty Payment Act ("WRPA"), which imposes strict timeframes for the payment of oil-and-gas proceeds:

> The **proceeds** derived from the sale of production from any well producing oil, gas or related hydrocarbons in the state of Wyoming **shall be paid** to all persons legally entitled thereto, except as hereinafter provided, commencing **not later than six (6) months after the first day of the month following the date of first sale** and **thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold** . . . .

WYO. STAT. § 30-5-301(a) (emphasis added).

24. "In instances where payment cannot be made for any reason," payors must send those proceeds to an escrow account. WYO. STAT. § 30-5-302. The same timelines in

4

Section 30-5-301(a) apply to the escrow requirement of Section 30-5-302, and when payors fail to timely escrow proceeds, that failure makes "them liable for interest pursuant to the statute." *Moncrief v. Harvey*, 816 P.2d 97, 105 (Wyo. 1991).

25. When an operator fails to meet the statutory timeframes, the WRPA provides:

> **Any** lessee or **operator**, purchaser or other party **legally responsible for payment who violates the provisions of this article is liable** to the person or persons legally entitled to proceeds from production **for the unpaid amount of such proceeds**, **plus interest at the rate of eighteen percent (18%) per annum** on the unpaid principal balance from the due date specified in W.S. 30-5-301(a).

*Id.* § 30-5-303(a) (emphasis added).

26. Stated differently, when an operator like Continental fails to pay proceeds or fails to escrow within six months after the first day of the month following the date of first sales, the operator owes 18% interest per annum on the late payment. And, for production subsequent to first sales, operators must pay 18% interest per annum on direct or escrow payments of proceeds made sixty days after the end of the month that production is sold.

27. The WRPA contains no notice or demand requirement before an owner is entitled to statutory interest.

28. In fact, the WRPA "is perhaps the strongest of the 'no excuses' Acts" passed by other top-producing states. Si M. Bondurant, *To Have and to Hold: The Use and Abuse of Oil and Gas Suspense Accounts*, 3 OKLA. CITY. U.L. REV. 1, 20 (2006).

29. As the Wyoming Supreme Court has explained, the WRPA "is a remedial statute . . . to be liberally construed." *Moncrief*, 816 P.2d at 105. In enacting the WRPA, the Wyoming legislature evinced its "obvious intent to stop oil producers from retaining other people's money for their own use." *Id*. (quoting *Indep. Producers Mktg. Corp. v. Cobb*, 721 P.2d

5

1106, 1110 (Wyo. 1986)). When it comes to liability under the WRPA, "[e]quity is not a factor for consideration because **there are no exceptions** in the [WRPA] providing justification for royalty nonpayment." *Cities Serv. Oil and Gas Corp. v. State*, 838 P.2d 146, 156 (Wyo. 1992) (emphasis added).

30. The WRPA also includes disclosure requirements on check stubs sent to certain owners. *See* WYO. STAT. § 30-5-305(b).

31. Upon information and belief, Continental fails to provide all information required by the WRPA on its monthly check stubs and is liable for $100.00 per check stub that failed to comply with the WRPA's information requirements. *See* WYO. STAT. § 30-5-303(c).

## FACTUAL ALLEGATIONS

32. The preceding allegations are fully incorporated by reference.

33. Plaintiff owns an overriding royalty interest in oil and gas produced from the BR Federal 44-4H well, Hornbuckle Fed 21-4 37-73BH well, Brushy Creek Fed 3373-0211 3TH well and Duck Creek Fed 3773-2635 2NH well, which are all located in Converse County, Wyoming.

34. Continental operates the BR Federal 44-4H well, Hornbuckle Fed 21-4 37-73BH well, Brushy Creek Fed 3373-0211 3TH well and Duck Creek Fed 3773-2635 2NH well and remits royalty proceeds to Plaintiff.

35. Plaintiff's owner number with Continental is 21440103.

36. Upon information and belief, Continental only pays statutory interest to owners who demand it, even though the WRPA contains no demand requirement.

37. For example, Continental paid Plaintiff proceeds on the BR Federal 44-4H well in February, 2024 for production attributable to August 2021 and December 2021.

38. Plaintiff did not receive payment from Continental for August 2021 or December 2021 production attributable to the BR Federal 44-4H well within sixty days.

39. When Continental paid Plaintiff for August 2021 and December 2021 production attributable to the BR Federal 44-4H well, it did not pay Plaintiff statutory interest under the WRPA.

40. Another example, Continental paid Plaintiff proceeds on the Brushy Creek Fed 3773-0211 3TH well in February, 2024 for production attributable to December 2021.

41. First sales from the Brushy Creek Fed 3773-0211 3TH well were in December 2021. Plaintiff did not receive payment from Continental for December 2021 production attributable to the Brushy Creek Fed 3773-0211 3TH well within six months following the first day of the month following the date of first sales.

42. When Continental paid Plaintiff for December 2021 production attributable to the Brushy Creek Fed 3773-0211 3TH well, it did not pay Plaintiff statutory interest under the WRPA.

43. Another example, Continental paid Plaintiff proceeds on the Duck Creek Fed 3773-2635 2NH well in February, 2024 for production attributable to June 2022.

44. Plaintiff did not receive payment from Continental for June 2022 production attributable to the Duck Creek Fed 3773-2635 2NH well within sixty days.

45. When Continental paid Plaintiff for June 2022 production attributable to the Duck Creek Fed 3773-2635 2NH well, it did not pay Plaintiff statutory interest under the WRPA.

46. Upon information and belief, Continental's check stubs to Plaintiff, specifically including the February 2024 and June 2024 check stubs, failed to provide the information required by the WRPA, including "[t]he owner's share of the total value of sales prior to any deductions," "the owner's share of the sales value less deductions," "[a]n itemized list of any deductions or adjustments" to the sales value and the "net value of total sales after deductions." WYO. STAT. § 30-5-305(b).

## CLASS ACTION ALLEGATIONS

47. The preceding allegations are fully incorporated by reference.

48. Plaintiff brings this action on behalf of itself and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following classes (the "Classes"):

> **Class I**
> All non-excluded persons or entities owning interests in Wyoming oil and gas wells who: (1) received untimely payments from Continental for proceeds of Wyoming oil or gas production beyond the timeframes set forth in WYO. STAT. § 30-5-301; or (2) whose proceeds for Wyoming oil or gas production were sent to escrow by Continental beyond the timeframes set forth in WYO. STAT. § 30-5-301; and (3) whose payments or escrowed proceeds did not include the 18% interest required by WYO. STAT. § 30-5-303(a).
>
> **Class II**
> All non-excluded persons or entities who own royalty, overriding royalty, or other nonworking interest owner interest and whose check stubs from Continental for Wyoming oil and gas wells did not report all of the information required by WYO. STAT. § 30-5-305(b), including, but not limited to, the owner's share of the total value of sales prior to any deductions, or the owner's share of the sales value less deductions, or an itemized list of deductions or adjustments to the sales value or the net value of total sales after deductions.
>
> Excluded from the Classes are: (1) Continental, its affiliates, predecessors, and employees, officers, and directors; and (2) agencies, departments, or instrumentalities of the United States of America or the State of Wyoming.

8

49. Upon information and belief, there are thousands of absent Class members.

50. The Classes are so numerous that joinder of all members is impracticable.

51. The questions of fact and law common to the Classes include:

    **Class I**
    a. Whether Plaintiff and Class I own legal interests in the Wyoming acreages for which Continental has an obligation to pay proceeds derived from the sale of oil-and-gas production;

    b. Whether, under Wyoming law, Continental owed interest to Plaintiff and Class I on any untimely payments or escrow of proceeds derived from the sale of oil-and-gas production;

    c. Whether Continental's failure to pay interest to Plaintiff and Class I on any untimely payments constitutes a violation of Wyoming statute; and

    d. Whether Continental is obligated to pay interest on future untimely payments.

    **Class II**
    e. Whether Plaintiff and Class II received check stubs from Continental that do not comply with WYO. STAT. § 30-5-305(b).

52. Plaintiff's claims are typical of the Classes because each Class member's claims are identical.

53. Continental treated Plaintiff and the Classes in the same way by failing to pay the required interest on untimely payments and by failing to provide the information required by WYO. STAT. § 30-5-305(b).

54. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is represented by counsel who are skilled and experienced in oil-and-gas matters, accounting, and complex civil litigation, including oil-and-gas class actions.

55. The factual allegations and questions of law in this Complaint are common to the members of the Classes and predominate over any questions affecting only individual members.

56. A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

   a. The questions of law and fact are so numerous across the Classes that there is no reason why individual members of the Classes would want to control the prosecution of their own claims at their own expense;

   b. To Plaintiff's knowledge, there is no pending litigation by any individual Class member with the same scope of Class membership sought in this Complaint against Defendant relating to its failure to pay interest owed on the untimely payment or escrow of proceeds derived from the sale of oil-and-gas production as required by Wyoming law, and relating to the check stub requirements of WYO. STAT. § 30-5-305(b);

   c. All parties and the judiciary have a strong interest in resolving these matters in one forum without the need for multiple actions;

   d. The difficulties in managing this case as a class action will be slight in relation to the personal benefits to be achieved on behalf of each and every Class member—not only those who can afford to bring their own actions; and

   e. Absent a class action, Plaintiff and the Class members may never fully discover the wrongful acts of Continental, the extent of their respective financial losses, or the financial benefit they are unwittingly providing to Continental.

## CAUSES OF ACTION
### Breach of Statutory Obligation to Pay Interest

57. The preceding allegations are incorporated by reference.

58. Plaintiff brings this cause of action on behalf of itself and Class I.

59. Plaintiff and Class I were legally entitled to the payments of proceeds derived from the sale of oil-and-gas production from Continental for production from wells for which Continental is the operator in Wyoming.

60. WYO. STAT. § 30-5-301(a) requires Continental to pay owners within six (6) months after the first day of the month following the date of first sales of oil or gas, and thereafter not later than sixty (60) days after the end of the calendar month within which subsequent production is sold. And if Continental is unable to make those payment timelines for any reason, Continental must timely escrow those proceeds.

61. When Continental fails to pay owners or escrow within such time frames, WYO. STAT. § 30-5-303(a) requires Continental to pay owners 18% interest per annum when the payment or escrow is eventually made.

62. Continental held proceeds belonging to Plaintiff and Class I, and Continental failed to timely pay or escrow proceeds for Plaintiff and Class I.

63. When Continental eventually paid or escrowed these proceeds, it did not pay the 18% interest per annum required by Wyoming statute.

64. Continental's failure to pay interest owed on the untimely payments has harmed Plaintiff and Class I.

### Breach of Statutory Obligation to Provide Check Stub Information

65. The preceding allegations are incorporated by reference.

66. Plaintiff brings this cause of action on behalf of itself and Class II.

67. Plaintiff and Class II were legally entitled to receive check stubs that provide information relating to deductions, value and pricing, as required by WYO. STAT. § 30-5-305(b).

68. Upon information and belief, Continental failed to provide all information to Plaintiff and Class II required by WYO. STAT. § 30-5-305(b).

69. Under WYO. STAT. § 30-5-303(c), Continental is liable to Plaintiff and Class II in the amount of $100.00 for each noncompliant check stub.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38, Plaintiff demands a jury trial for all issues so triable.

## PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff seeks:

1. An Order certifying and allowing this case to proceed as a class action with Plaintiff as class representative and the undersigned counsel as class counsel;

2. An order requiring Continental to pay Plaintiff and the Classes' members damages for Continental's breaches and unlawful conduct to the full extent permitted by law;

3. An order requiring Continental to pay interest in the future, as required by law, to Plaintiff and Class I;

4. An order requiring Continental to provide the deduction information required by WYO. STAT. § 30-5-305(b) to Plaintiff and Class II;

5. An order requiring Continental to pay the Classes' attorney fees and litigation costs as provided by statute; and

6. Such costs and other relief as this Court deems appropriate.

Dated this ____ day of _____, 2024.

Respectfully submitted,

By: /s/ Brady L. Smith
Brady L. Smith, WSB No. 8-7193
BRADY SMITH LAW
One Leadership Square, Suite 1320N
211 N. Robinson Avenue
Oklahoma City, OK 73102
Telephone: 405-293-3029
Brady@BLSmithLaw.com

and

S. Gregory Thomas, WSB No. 5-2653
THOMAS & THOMAS, LLC
316 S. Gillette Ave., Suite 200
Gillette, WY 82716
Telephone: 307-257-5298
greg@tntlaw.org
***Attorney for Plaintiffs***

13